EL PUEBLO DE PUERTO RICO, demandante y apelado, v. JUAN HERNÁNDEZ Y FRANCISCO OMS, acusados y apelantes.

No. 3111.—*Visto:* Marzo 8, 1927. *Resuelto:* Abril 28, 1927.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—FORMA DEL REMEDIO, JURISDICCIÓN Y DERECHO DE REVISIÓN—DECISIONES SUJETAS A REVISIÓN—EN GENERAL.—La decisión de una corte de distrito revocando resolución apelada por la que se declaró con lugar una excepción perentoria contra la acusación devolviendo la causa para ulteriores procedimientos, no es apelable por el acusado para ante el Supremo.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—FORMA DEL REMEDIO, JURISDICCIÓN Y DERECHO DE REVISIÓN—NATURALEZA DEL REMEDIO.—La apelación es un derecho estatutorio.

MOCIÓN sobre desestimación de apelación, entablada ésta contra resolución de *Angel Acosta,* J. (Mayagüez), que declaró sin lugar excepciones perentorias contra la acusación. *Desestimada la apelación.*

*Angel A. Vázquez,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

[1] Juan Hernández y Francisco Oms fueron acusados por el Fiscal del Distrito de Mayagüez en la corte municipal de dicha ciudad, porque siendo secretario de mesa el primero e inspector el segundo de cierto colegio electoral del precinto de Maricao en las últimas elecciones generales celebradas en Puerto Rico, faltaron a sus deberes marcando ilegal y criminalmente ciertas papeletas.

Por vía de excepción perentoria los acusados alegaron que la acusación no contenía hechos suficientes para imputar un delito público y que la acusación comprendía más de un delito.

La excepción fué declarada con lugar. Apeló el fiscal

para ante la corte de distrito y ésta revocó la resolución de la corte municipal y devolvió la causa para ulteriores procedimientos.

No conformes con la decisión de la corte de distrito, los acusados establecieron el presente recurso de apelación.

El fiscal de esta corte levanta en su alegato una cuestión previa, a saber, la de si el recurso establecido está o no autorizado por la ley, y sostiene que no lo está.

Cita el fiscal el artículo 347 del Código de Enjuiciamiento Criminal que expresamente determina los casos en que puede apelar un acusado, a saber:

1.—De una sentencia condenatoria definitiva.

2.—De una providencia denegando una petición para la celebración de nuevo juicio.

3.—De una providencia dictada después del fallo que afecte los derechos sustanciales de la parte.

La decisión apelada no es en verdad una sentencia condenatoria definitiva, ni menos una providencia denegando la celebración de un nuevo juicio.   Tampoco es una providencia dictada después de sentencia que afecte los derechos sustanciales de la parte.

[2] Ningún otro precepto legal autoriza el recurso.   La apelación es un derecho estatutorio.   Siendo ello así, no estando autorizado expresamente por la ley el recurso establecido, sólo cabe una resolución: *desestimarlo*.